## CHIPMAN CHEMICAL ENGINEERING CO., Inc., v. READE MFG. CO.

(Circuit Court of Appeals, Third Circuit. February 14, 1922.)

No. 2694.

Patents ⊂⇒328—873,680, claims 5, 8, for railroad track spraying apparatus, held anticipated.

The Pearse patent, No. 873,680, for an improvement in spraying apparatus, designed primarily for spraying railroad tracks, claims 5 and 8, *held* anticipated by devices in the analogous arts of street-sprinkling and insect-destroying devices, so as to be invalid.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit for infringement on patent by the Chipman Chemical Engineering Co., Inc., against the Reade Manufacturing Company. From a decree holding the patent invalid (270 Fed. 677), complainant appeals. Affirmed.

Edward S. Beach, of New York City, for appellant.

Lewis J. Doolittle, of New York City, for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and J. W. THOMPSON, District Judge.

DAVIS, Circuit Judge. The District Court held United States patent No. 873,680, issue to J. V. Pearse, December 10, 1907, invalid. The patent is for an improvement in spraying apparatus designed primarily for spraying railroad tracks with a liquid adapted to kill plants and weeds. The fifth and eighth claims only are in issue.

The fifth claim comprises: (1) A tank; (2) discharge device connected therewith; and (3) means for establishing pressure in the tank whereby the discharge therefrom may be regulated independently of the liquid contents of the tank. The eighth claim is for: (1) A transverse nozzle pipe; (2) a series of nozzles, each of which has (1) a perforated head; (2) a neck; (3) a pipe section; (4) a coupling connecting the neck and pipe section; and (5) a valve controlling the passage of liquid from the nozzle pipe to the head.

Defendant denies infringement and alleges that the patent was anticipated and is invalid.

In the Haughey patent, No. 397,287, for a street-sprinkling device, in the Tyrell patent, No. 444,786, a device for destroying insects, and in the Smith patent No. 765,518, for an improved street cleaner, there is a tank, discharge devices, and means for establishing pressure in the tank, substantially as described in claim 5 of the Pearse patent. These patents in analogous arts antedate Pearse.

In the patent No. 390,657, issued to George A. Farrand, October 9, 1888, for improvements in potato sprinklers, there are a nozzle pipe and a series of nozzles, with the corresponding equivalent parts as found in the Pearse patent. The patent No. 803,090, issued to C. G.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bradford, October 31, 1905, also contains a nozzle pipe and nozzles similar to that found in claim 8 of the Pearse patent.

The appellant emphasizes the fact that the "means for establishing pressure in the tank," of claim 5, is regulated "by means absolutely independent of the operation of the car." This feature is simple and apparent, and would suggest itself to any one skilled in the art of spraying. The parts forming Pearse's device are all old, and had been used by others in substantially the same way to produce substantially the same result long before his application. The slight changes he made here and there are not a substantial departure from the prior art. There are really no novel, inventive features disclosed in the device of the patent.

The decree of the District Court is therefore affirmed.